State ex rel. Schwing *vs.* Sheriff.

a *mandamus* and prohibition against enforcing the decree because it went down prematurely, they will be refused, as the decree became final before the application was made.

For *Mandamus* and Prohibition.

*Washington* for Relator.    *Mott* for Respondent.

MARR, J., delivered the opinion.

No. 7153.

STATE EX REL. SCHWING, DIST. ATTY. PRO TEM., VS. THE SHERIFF OF IBERIA ET AL.

The writ of *mandamus* will not be issued by the Supreme Court except in aid of its appellate jurisdiction, and therefore will be refused when the object is to compel the district attorney to deliver a petition to the clerk of the inferior court, and to compel the clerk to file it and issue citations thereon, and the sheriff to serve them.

*Schwing* District Attorney, *pro tem*, *Fournet*, *Perry*, *Renoudet*, *Breaux*, *Delahousaye*, *Winchester*, *Caffrey* and *Foster* for the Relator. *Breaux*, *Fenner & Hall* for Respondents.

FOR a *Mandamus.*

The petition was drafted and signed by the district attorney *pro tem.* in the absence of the district attorney, and was deposited in the clerk's office.   Its object was to test the eligibility of T. Fontelieu to the office of district judge.   The clerk neglected, and finally refused to file it, and issue it actions.   The district attorney, on returning, withdrew the petition from the clerk's office, and gave written instructions to the clerk not to issue citations in the suit unless the petition was signed by him.   The petition charges that the ordinary forms and process of law are of no avail against a combination and conspiracy of the officers of Iberia parish, the existence of which is expressly alleged, and the object of which is averred to be to defeat and frustrate any trial, or attempt to try the issues presented by the suit.

State ex rel. Schwing *vs*. Sheriff.

MANNING, C. J.   The whole question resolves itself into one of jurisdiction.   We have no original jurisdiction save in certain cases of *habeas corpus*.

We issue the writ of *mandamus* in aid only of our appellate jurisdiction, and it is urged that the writ is invoked here only in aid of that jurisdiction, because if the district attorney is not compelled by our writ to file the petition, and the clerk compelled by the same process to prepare and issue the necessary citations, copies, etc., and the sheriff likewise compelled to serve them — the suit never can be tried, and an appeal can therefore never be taken.   The writ must therefore be issued, it is argued, to aid this court in exercising jurisdiction over an appeal to be obtained *in futuro*, in a case the issue of which might be such that these relators would not desire an appeal.

We have come to the conclusion that we have no power to issue such writ of *mandamus* as is prayed — that it would be exercising original jurisdiction, for which we have no constitutional warrant — that the writ, issued under such circumstances and for such purposes as is indicated in the petition, is not in aid of an appellate jurisdiction.

On the whole we think it unfortunate that we are debarred from issuing the writ in this case in the manner as prayed, though we are not to be understood as intimating that therefore the relators are powerless to compel a trial of this cause.

It is a public scandal that the process of justice should be impeded by public officials, if indeed it has been, for we give to the respondents at present the doubt which their sworn answers raise.   We are not, however, made oblivious of the gravity of a situation, where a petition such as this is signed by eight lawyers, besides the *pro tempore* officer, all of whom appeared to be animated by unselfish and non-personal motives, notwithstanding we have been answered in oral argument by the respondents' counsel that these officers will certainly perform their duty when a proper demand is made of them.

The proper demand is already made.   Their own sense of official propriety, of public decorum — their own regard to an oath which requires the performance of official duty — is sufficient demand.   If it be true that the interests of public order require that the right of Judge Fontelieu to his office be tested, it is the business and duty of the district attorney to act officially in bringing the suit, or having it

brought in his name and office, and it is the duty of the clerk and sheriff to issue and serve the process.

We cannot at the present stage of the case, or rather before it is commenced, compel these ministerial officers to perform these duties, but the relators are not without remedy which they may legally invoke.

*The mandamus is refused at the costs of the relators.*